UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| HAROLD A. WALKER | ) | |
| | ) | |
| V. | ) | NO. 2:12-CV-221 |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC, *ET AL.* | ) | |


## **REPORT AND RECOMMENDATION**

Two motions are before the court. First is defendants' motion to dismiss, (Doc. 13), which has been referred to the magistrate judge for a report and recommendation.[1] Second, the defendants have filed a motion to stay discovery, (Doc. 16), which has been referred to the magistrate judge for disposition by the standing order of this court.

Because the motions are inextricably related, this report and recommendation regarding the motion to dismiss necessarily will discuss the motion to stay discovery.

Plaintiff's suit is filed under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.* He is represented by attorney Mechem who has filed, since 2009, well over 150 FDCPA cases in this court. He is no neophyte in federal court, and he is – or certainly should be – intimately familiar with federal practice and procedure.

---

[1]Doc. 17.

A scheduling order was filed on August 15, 2012.[2] That order established a number of deadlines: discovery was to be completed by June 17, 2013, plaintiff's expert testimony was to be disclosed to the defendants by March 1, 2013, and motions for summary judgment were to be filed by May 1, 2013.

On October 22, 2012, defendants filed a motion to compel plaintiff to respond to interrogatories and document requests which defendants had served upon plaintiff's counsel two months earlier.[3] Plaintiff did not respond to the motion to compel, as a result of which the court granted that motion on November 12, 2012, *ordering plaintiff to answer the outstanding discovery requests by November 21, 2012.*[4]

Had plaintiff complied with that order, the deadlines in the scheduling order could have been saved. But plaintiff did not. On December 3, 2012, defendants filed their motion to dismiss based on plaintiff's failure to comply with the order compelling discovery, Document 13. In their motion defendants point out that after their counsel received no responses from plaintiff by the November 21 deadline, he contacted plaintiff's attorney on November 27. Plaintiff's attorney requested that he be given until November 28 to submit his responses to the discovery requests, and defendants' attorney agreed. Needless to say, this was a rather gracious thing to do in light of plaintiff's unjustified default up to that point, and especially in light of the court's order that specified a firm deadline for plaintiff's

---

[2]Doc. 8.

[3]Doc. 11.

[4]Doc. 12.

compliance with his discovery obliatons. Plaintfif did not take advantage of defendants' act of charity, and he failed to comply with his discovery obligations. More importantly, he failed to comply with this court's order.

On December 13, ten days after defendants filed their motion to dismiss, they filed a motion to stay discovery until the court rules upon their motion to dismsis.

This court severely shortened plaintiff's time to respond to both motions since awaiting the full seventeen days would only exacerbate the problems caused by plaintiff.[5] Plaintiff's attorney argues that a dismissal of his client's suit would be an "excessive and unwarranted" sanction, since the defendants have not been prejudiced. After acknowledging that plaintiff did not comply with this court's order to answer the interrogatories and respond to the document requests by November 21 as this court ordered, he goes on to attempt to justify that failure. He states that his failure to comply with the court order was "inadvertent." He then recites that he communicated with defendants' attorney repeatedly from November 21 through December 7 regarding his discovery responses, but that "unexpected events" prevented him from submitting the discovery as ordered. Those "unexpected events" are as follows: on December 1, he got the flu, and was out of the office until December 3; on December 6, his mother unexpectedly passed away, and plaintiff's attorney was out of the office for the remainder of December; plaintiff's attorney returned to his office full-time in the first week of January 2013, but, because of the press of busienss,

---

[5]The court ordered plaintiff to respond to the motions by 12:00 Noon on February 20. He filed his response on February 20 at 11:52 a.m., 8 minutes before the deadline.

3

it was a struggle to manage his existing caseload as well as catching up from missed obligations; and plaintiff's counsel lost two employees in the month of December.

What is immediately noted in plaintiff's attempted justification for his failure to comply with this court's order is that *every event upon which he relies occurred in December 2012, two full weeks after the November 21 deadline established in the court order*. The only attempted justification that truly has any relevance is his statement that his failure to comply with the court order was "inadvertent." That simply is not an acceptable excuse under the circumstances. If it was, court orders would become essentially meaningless.

Plaintiff's failure to cooperate with discovery, and his failure to obey this court's order, is an example of a recurring problem that threatens to overwhelm this court. The Greeneville Division of the Eastern District of Tennessee has one of the heaviest per judge criminal caseload in the country. Because criminal cases must be given priority over civil cases, the court's civil docket suffers. Amendments to scheduling orders necessitated by lawyers' failure to comply with discovery deadlines aggravates the problem exponentially.[6]

Here, plaintiff's unjustified failure to timely respond to defendants' discovery requests, and plaintiff's refusal to obey this court's order will have one of three possible results: it either will require the court to severely truncate all deadlines, thereby punishing the defendants for plaintiff's offense; or the court must establish new deadlines and a trial

---

[6]The district judge is all too aware of the problem, and he does not need the magistrate judge to explain it to him. This portion of the report and recommendation is for the elucidation of plaintiff's counsel specifically and (hopefully) the bar in general.

date, punishing *itself* for plaintiff's default; or this court could dismiss plaintiff's suit pursuant to F.R.Civ.P. 37(b)(2)(A)(v).

In the opinion of this magistrate judge, the last alternative is the appropriate one. It is recommended that plaintiff's suit be dismissed with prejudice.[7]

Respectfully submitted,

                                        s/ Dennis H. Inman
                                  United States Magistrate Judge

---

[7] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).